IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REGINALD GRIGGS                                                                                    PLAINTIFF

v.                              Civil No. 13-5133

OFFICER LIVERMORE, Washington
County Detention Center                                                                          DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

Defendant has filed a motion to dismiss (Doc. 14). Plaintiff was ordered (Doc. 19) to file a response. Plaintiff has responded (Doc. 20). The motion is ready for decision.

**1. Background**

According to the allegations of the complaint (Doc. 1) and addendum (Doc. 7), Defendant, an employee of the Washington County Detention Center, forced Plaintiff to take more than the prescribed amount of medication. When he attempted to discuss this with Defendant, Plaintiff maintains he was threatened with either going to the "hole" or segregation and the loss of privileges for not complying with orders.

Plaintiff has sued the Defendant in both his individual and official capacities. As relief, Plaintiff seeks compensatory and punitive damages as well as an order allowing him to see his own doctor.

-1-

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**3. Discussion**

Defendant maintains the complaint fails to state an actionable claim against him in either his individual or official capacity. In his individual capacity, he claims he is entitled to qualified immunity and the dismissal of the complaint. In his official capacity, Defendant argues Plaintiff has made no allegations that could give rise to county liability.

Qualified immunity "is an *immunity from suit* rather than merely a defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original). It entitles an individual to not be subjected to trial or the other burdens of litigation and "is effectively lost if a case is

erroneously permitted to go to trial." Id.  Accordingly, it is important that the question of qualified immunity be resolved as early as possible in the proceedings.  O'Neil v. City of Iowa City, 496 F.3d 915, 917 (8th Cir. 2007) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)); Schatz Family ex rel.  Schatz v. Gierer, 346 F.3d 1157, 1160 (8th Cir. 2003)).

Analyzing a claim of qualified immunity requires a two-step inquiry.  Jones v. McNeese, 675 F.3d 1158, 1161 (8th Cir. 2012).  In one step, the deciding court determines whether the facts demonstrate a deprivation of a constitutional right.  Id.  (citing Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010)).  In the other step, the court determines whether the implicated right was clearly established at the time of the deprivation.  Id. (citing Parrish, 594 F.3d at 1001).

"[D]eliberate indifference to a inmate's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012)(internal quotation marks and citation omitted).  "To establish a claim of deliberate indifference to serious medical needs under § 1983, [Plaintiff] must demonstrate that he suffered from an objectively serious medical need and that [the Defendant] actually knew of but deliberately disregarded the need."  Santiago v. Blair, 707 F.3d 984, 990 (8th Cir. 2013)(citation omitted). A condition constitutes a serious medical need if it is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and citation omitted).  In this case, no argument is made that high blood pressure is not a serious medical need.

Deliberate indifference includes intentional interference with prescribed treatment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  Prison officials are not permitted to substitute

-3-

their judgment for that of a medical professional's prescription. Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002)(prison official may not interfere with prescribed treatment). The allegation that Defendant **forced** Plaintiff to take more than the prescribed amount of medication states a claim of deliberate indifference rather than one of mere inadvertent failure to provide adequate medical care. The facts alleged sufficiently demonstrate the deprivation of a constitutional right.

To determine if a right was clearly established, "[w]e must . . . examine the information possessed by the governmental official accused of wrongdoing in order to determine whether, given the facts known to the official at the time, a reasonable government official would have known that his actions violated the law." Langford v. Norris, 614 F.3d 445, 461 (8th Cir. 2010). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of preexisting law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

It is clearly established that a prison official may not substitute his judgment for that of a medical professional. Pietrafeso v. Lawrence County, 452 F.3d 978, 983 (8th Cir. 2006)(it is deliberate indifference to intentionally interfere with treatment or medication that has been prescribed). Here, it is alleged that Defendant forced Plaintiff to take more medication than prescribed. A reasonable government official would have known these actions violated the law. Assuming the allegations in the complaint are true, the facts would show a violation of clearly established law. As a result, Defendant is not entitled to qualified immunity.

However, I agree that no official capacity claim has been stated. An official capacity claim "is functionally equivalent to a suit against the employing governmental entity." Veatch

v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Washington County. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

"A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right." Alexander v. Hedback, 718 F.3d 762, 766 (8th Cir. 2013)(citations omitted). "[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Here, Plaintiff merely asserts that the County allows non-medical personnel to distribute medication and to threaten inmates with repercussions if the medication is refused. There is no constitutional requirement that medication be dispersed only by trained medical personnel. See e.g., Booker v. Herman, 2006 WL 2457230, *5 (N.D. Ind. Aug. 22, 2006)("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted"). Plaintiff has not alleged that the use of untrained medical personnel resulted in wrongful doses of medication being dispensed to multiple inmates, on multiple occasions, or even to him on more than the single occasion at issue here. See Johnson v. Douglas County Medical Dept., 725 F.3d 825, 829 (8th Cir. 2013)("multiple incidents involving a single plaintiff could establish a custom if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials")(citation and internal quotation marks omitted); Crawford v. Van Buren County, 678

F.3d 666, 669 (8th Cir. 2012)("Liability for an unconstitutional custom or usage . . . cannot arise from a single act")(internal quotation marks and citation omitted).  Plaintiff has not alleged that the threats were made pursuant to a custom or policy.

### 4.  Conclusion

I therefore recommend that the motion to dismiss (Doc. 14) be granted in part and denied in part.  Specifically, I recommend that the motion be granted with respect to the official capacity claim asserted against the Defendant.  This leaves for later resolution the individual capacity claim.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of February 2014.

>                              /s/ *Erin L. Setser*
>                              HON. ERIN L. SETSER
>                              UNITED STATES MAGISTRATE JUDGE