IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REGINALD GRIGGS                                                                    PLAINTIFF

V.                                              NO. 13-5133

OFFICER MICHAEL LIVERMORE,
Washing County Detention Center                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff, Reginald Griggs, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in Washington County Detention Center (WCDC). The events at issue in this case occurred while Plaintiff was in pre-trial status at the WCDC on June 23, 2013. Specifically, Plaintiff maintains that he was forced to take certain medications that he knew were not good for him, and was not allowed to take only some of the medications he was offered.

Defendant has filed a motion for summary judgment. (Doc. 32). On October 23, 2014, a hearing was held to allow the Plaintiff to respond to the summary judgment motion by testifying.

**I.     Background:**

**A.     Plaintiff's Version:**

Plaintiff, a 52 year old inmate at the WCDC, had been prescribed several medications on the date in question, some of which included Amitriptyline, Trazadone, and HCTZ. On the morning of June 23, 2013, when Defendant was making the medicine rounds, he presented Plaintiff with at least 13 pills for him to take. Plaintiff told Defendant that he did not want to take

-1-

all of the pills, because he knew some of them were not good for him. Plaintiff testified that Lisinopril (a blood pressure medication) caused him to have extreme urination, and that he was presented with two doses of Atenolol (another blood pressure medication). Plaintiff said that he would have taken one of the doses of Atenolol, but not two.

When Plaintiff told Defendant he did not want to take those two medications, Defendant told him that he had cost the jail too much money because he had to go to the hospital for his blood pressure, and that if he did not take all of the medications, he would lock Plaintiff up in the hole. Defendant would not allow Plaintiff to refuse to take some of the medications - he had to take all of them or refuse all of them. Plaintiff testified that he was claustrophobic and did not want to go to the hole, and that Defendant knew it. Another officer, Deputy McNally, approached the two while they were discussing the medications, and wanted to know what the problem was. Plaintiff told him the problem, and Deputy McNally said Defendant could make Plaintiff go to the hole. Plaintiff then took all of the medications, and filed a grievance that same day, complaining that he was not allowed to refuse some of the medication.

Later that evening, Plaintiff's bladder was weak and he urinated on himself because he took the medication that he tried to refuse. He also had blurred vision as a result of taking all of the medicine. As Plaintiff did, in fact, take all of the medication, he was not put in the hole.

At the medicine round offered that evening, and after Plaintiff had filed his grievance, Plaintiff was allowed to refuse to take some of the medications.

**B.  Defendants' Version:**

Defendant submitted a copy of his report dated June 23, 2013, wherein he states the following:

-2-

<8NBSP>
> On this date of 6/23/13 while this reporting officer was performing morning medication call to the detainees, Reginald Griggs refused to take his medication. Mr. Griggs was called to the door by this officer and I informed him the importance of his medication and asked that he sign that he was going to refuse them. Griggs stated he was not signing anything and that I was not a doctor and that he was not taking his medication.
>
> Again at the noon medication call, Griggs refused. I again asked him to the door and explained the importance of his medication. He became angry and stated that I was not a doctor and could not force him to take his medication and again he refused.

(Doc. 34-1 at p. 4).

## II.    Applicable Standard:

"Summary judgment is appropriate only when the pleadings, depositions and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law." Uhiren v. Bristol-Myers Squibb Co., Inc., 346 F.3d 824, 827 (8th Cir. 2003).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." National Bank of Commerce of El Dorado, Ark.  v. Dow Chemical Co., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.574, 586 (1986). "They must show there is sufficient evidence to support a jury verdict in their favor." National Bank, 165 F.3d at 607 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." Id. (citing Merge v. Boehler, 762 F.2d 621, 625 (8th Cir. 1985).

Plaintiff has sued the individual defendant in his individual and official capacities. (Doc. 1 at p. 4).  However, by Order entered on March 13, 2014, United States District Judge Jimm

> On this date of 6/23/13 while this reporting officer was performing morning medication call to the detainees, Reginald Griggs refused to take his medication. Mr. Griggs was called to the door by this officer and I informed him the importance of his medication and asked that he sign that he was going to refuse them. Griggs stated he was not signing anything and that I was not a doctor and that he was not taking his medication.
>
> Again at the noon medication call, Griggs refused. I again asked him to the door and explained the importance of his medication. He became angry and stated that I was not a doctor and could not force him to take his medication and again he refused.

(Doc. 34-1 at p. 4).

## II.    Applicable Standard:

"Summary judgment is appropriate only when the pleadings, depositions and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law." Uhiren v. Bristol-Myers Squibb Co., Inc., 346 F.3d 824, 827 (8th Cir. 2003).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." National Bank of Commerce of El Dorado, Ark.  v. Dow Chemical Co., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.574, 586 (1986). "They must show there is sufficient evidence to support a jury verdict in their favor." National Bank, 165 F.3d at 607 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." Id. (citing Merge v. Boehler, 762 F.2d 621, 625 (8th Cir. 1985).

Plaintiff has sued the individual defendant in his individual and official capacities. (Doc. 1 at p. 4).  However, by Order entered on March 13, 2014, United States District Judge Jimm

Larry Hendren adopted the undersigned's Report and Recommendation, granting Defendant's Motion to Dismiss as to Plaintiff's official capacity claim against Defendant. (Doc. 22, 27).

Plaintiff's claim against Defendant Livermore is based upon the instance of Defendant requiring Plaintiff to take "all or nothing" of his medications the day of June 23, 2013. The Court interprets this as claim that Defendant was deliberately indifferent to Plaintiff's medical needs. The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. See Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006). "An official who is deliberately indifferent to a prisoner's medical needs is subject to suit under § 1983." McRaven v. Sanders, 577 F.3d 974, 979 (8th Cir. 2009). The deliberate indifference standard "has both an objective and subjective component." Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009). It has been held that "[d]eliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (citations omitted). "To show deliberate indifference, plaintiffs must prove an objectively serious medical need and that prison officials knew of the need but deliberately disregarded it." Id. (citing Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir. 2005). "Prisoners may prove deliberate indifference by showing that the total deprivation of medical care resulted in 'pain and suffering' or 'a lingering death.'" Langford, 614 F.3d at 460, (citing Estelle, 429 U.S. at 103.

> But a total deprivation of care is not a necessary condition for finding a constitutional violation: "Grossly incompetent or inadequate care can [also] constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990)(citations omitted). To state a claim based on "inadequate medical treatment ... [t]he plaintiff 'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional

>    violation.'" Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)(quoting
>    Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Langford, 614 F.3d at 460.  Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. Popoalii v. Correctional Med. Servs, 512 F.3d 488, 499 (8th Cir. 2008)(internal quotation marks and citations omitted).  An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." Id.

The Court believes Plaintiff has failed to meet his burden of proving that the conduct of Defendant Livermore rose to the level of more than negligence or gross negligence, and believes it was more an issue of a mere disagreement with treatment decisions. Therefore, his conduct does not, in the Court's opinion, rise to the level of a constitutional violation. Plaintiff testified that he suffered from urinating on himself and blurred vision as a result of taking all of the medication on June 23, 2013, but also stated that at the next medication round, he was allowed to refuse to take some of his medications.  There is no indication that Plaintiff continued to suffer from any further side effects after he was able to refuse the medications at the next medication rounds. At most, Plaintiff has stated a claim of negligence against Defendant based upon the fact that Defendant failed to allow Plaintiff the right to refuse prescribed medication. Negligence is not actionable in a Section 1983 case. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986)(inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"); Tucker v. Evans, 276 F.3d 999, 10002 (8th Cir. 2002)(holding negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other

inmates in the plaintiff's position. Id., 276 F.3d at 1001.

Accordingly, the Court does not believe Plaintiff has met his burden of showing that Defendant Livermore was deliberately indifferent to his medical needs.

In any event, Defendant Livermore would be entitled to qualified immunity, as the facts, construed in the light most favorable to Plaintiff, do not establish a violation of a clearly established constitutional or statutory right of which a reasonable person would have known. Pearson v. Callahan, 555 U.S. at 232; see Risdal, 2014 WL 5471985 at *2; Morrow, 2014 WL 6845552 at *4.

### IV. Conclusion:

For the reasons stated, the Court recommends that the summary judgment motion filed by Defendant **(Doc. 32)** be granted and this case be dismissed with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of January, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**